UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA DENISE PRINGLE,<br>Plaintiff,<br>v.<br>AMANDA GENTRY, et al.,<br>Defendants. | No. 2:17-cv-2206 TLN AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the Magistrate Judge by Local Rule 302(c)(21). There are seven defendants in this case (Amanda Gentry, Cindy McDonald, Shannon Cluney, Noel Barlow-Hust, Sandy Jones, Judy Mesick, and Mark Alan Kubinski) all of whom work in an official capacity for the Idaho Department of Correction ("IDOC") or the Idaho Attorney General's Office. ECF No. 1. Plaintiff sues defendants in both their official capacities and their individual capacities. Before the court is a motion to dismiss from all defendants. ECF No. 12. Plaintiff has opposed defendants' motion. ECF No. 17. Defendants filed an untimely reply brief on March 26, 2018, which was not considered due to its untimely filing. Local Civil Rule 422(e), ECF No. 24. Plaintiff filed a motion to strike defendants' untimely reply brief. ECF No. 25. As the court did not consider defendants' reply brief, plaintiff's motion is denied as moot. The court held a hearing on this

matter in open court on March 28, 2018. Plaintiff appeared telephonically and defendants were present via their counsel. ECF No. 26.

Based on a review of the briefing and the relevant law, the court recommends that defendants' motion to dismiss for lack of personal jurisdiction, ECF No. 12, be GRANTED and that this case be dismissed in its entirety for lack of personal jurisdiction and pursuant to the doctrine of forum non conveniens.

## I. Background

Plaintiff filed her complaint on October 23, 2017. ECF No. 1. The complaint states that she is bringing this case under 42 U.S.C. § 1983. Id. at 1. Plaintiff was incarcerated at various IDOC facilities between August 12, 2012 and December 14, 2012. Id. at 4. She was again incarcerated between May 25, 2016 and November 1, 2016. Id. Upon her arrival to an IDOC facility she noted "numerous civil rights violations, as well as instances of financial fraud, falsification of records, staff misconduct with inmates, and negligence." Id. She claims that when she sought to file grievances regarding these violations, prison staff harassed her and retaliated against her. This harassment and retaliation included transfer to administrative segregation, loss of personal property, transfer to other facilities, verbal and psychological abuse, intimidation and threats, loss of prison employment, and denial of access to courts. Id. at 5. Plaintiff claims that defendants also denied her the opportunity to go to a minimum security facility. Id. at 6.

On November 3, 2016, after she served her term of imprisonment in IDOC, "two private security officers hired by Yolo County arrived and transported Plaintiff back to California on the Yolo County detainer." Id. at 13. Plaintiff alleges she was not provided food or water for the 13-hour trip, and that the transporting officers told her that IDOC was the entity responsible for supplying food and water so they had not made provisions. Id.

Plaintiff claims that on or about January 26, 2017, an IDOC employee contacted plaintiff in California and directed her to apply for an interstate compact (a mechanism that allows for transferring adult offenders on supervision from one state to another) to transfer her supervision to California because plaintiff had been released from Yolo County Jail. Id. Plaintiff responded

in writing that she declined to apply for Interstate transfer, asserting she was still under the jurisdiction of the Yolo County detainer and under Interstate Compact rules she was not eligible to apply for Interstate Compact. Id.

On February 6, 2017, plaintiff was ordered to report to Sylvia Diaz of the Yolo County Probation Department for her Idaho parole check-in by an IDOC employee. Id. at 14. Plaintiff claims this decision came from defendants Mesick, Jones, and Kubinski. Id. Plaintiff took issue with defendants' demand that she apply for an interstate compact. Id. Despite an interstate compact being forwarded to Yolo County Probation, plaintiff claims she never initiated nor signed an application. Id.

According to plaintiff, defendant Judy Mesick forwarded plaintiff an email on February 14, 2017 which stated that if plaintiff did not consent from the transfer of her parole from Idaho to California plaintiff would receive a parole violation and be re-incarcerated. Id. at 15. On March 8, 2017, plaintiff "reluctantly and belatedly" signed the "fraudulent Interstate Compact Application."

Plaintiff alleges that on March 2, 2017 defendant Cindy McDonald had a telephone conversation with Yolo County District Attorney Larry Eichele, who had contacted Ms. McDonald in preparation for his "Opposition to Plaintiff's Motion to Dismiss." Id. at 16. Plaintiff alleges that defendant McDonald "was advised to make the aforementioned misrepresentation of material fact" to Eichele by Defendant Mark Alan Kubinski. Id. at 16.

## II.  The Claims

Plaintiff's complaint sets forth four claims: (1) "Failure to Follow the Established Law of the [Interstate Agreement on Detainers ("IAD")];"[1] (2) "Unconstitutional and Unlawful Transport Order, Interstate Compact Acts and Parole Conditions;"[2] (3) "Violations of Rules of Professional Responsibility;"[3] (4) "First Amendment Retaliation and Eighth Amendment Calculated Harassment."[4] ECF No. 1 at 17-26.

---

[1] Against all defendants except defendants Sandy Jones and Judy Mesick.
[2] Against defendants Sandy Jones, Cindy McDonald, Judy Mesick, and Mark Alan Kubinski.
[3] Against defendant Mark Alan Kubinski.
[4] Against all defendants.

## III. Motion

All defendants move to dismiss plaintiff's four causes of action. ECF No. 12. Defendants seek to dismiss all of plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds that this court does not have personal jurisdiction over them. Id. Alternatively, defendants allege plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3), arguing that the Eastern District of California is not a proper venue as "defendants are Idaho residents and the substantial events alleged in the complaint occurred in Idaho." Id. at 13.

## IV. Analysis

A. Personal Jurisdiction

1. Dismissal Standard Under Fed. R. Civ. P. 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) prevents a district court with a "lack of jurisdiction" over defendants from exercising its power over them. "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Uncontroverted facts in the complaint are accepted as true for purposes of assessing personal jurisdiction. Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011). Jurisdictional facts cannot, however, be established by nonspecific, conclusory statements. Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986) (citing Kaylor v. Fields, 661 F.2d 1177, 1182-83 (8th Cir. 1981) (although liberally construed, the complaint "must contain something more than mere conclusory statements that are unsupported by specific facts")). Additionally, plaintiff cannot solely rely on allegations in the complaint when they have been challenged by affidavit, Taylor v. Portland Paramount Corp., 383 F.2d 634, 639 (9th Cir. 1967), although conflicts between affidavits are resolved in plaintiff's favor, Mavrix, 647 F.3d at 1223.

Federal Rule of Civil Procedure 4(k), which sets the territorial limits of effective service, states service can establish personal jurisdiction over defendants who would be "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(2). In California, "[a] court … may exercise jurisdiction on any basis not

inconsistent with the Constitution of this state or of the United States." Cal. Civ. P. Code § 410.10. Thus, California's long-arm statute extends as far as the requirements of due process allow. Schwarzenegger, 374 F.3d at 801. Due process allows the exercise of personal jurisdiction over an out-of-state-defendant if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 95 (1945). Depending on the type and breadth of a defendant's contacts with the forum, jurisdiction may be either general or specific to the claim. Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991).

    2. General Jurisdiction

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011). "[A] court may assert jurisdiction … to hear any and all claims against [a defendant] only when the [defendant's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." Daimler AG v. Bauman, 565 U.S. 915, 924 (2014).

In this case, defendants are all residents of Idaho. ECF No. 12 at 2. This does not appear to be disputed by plaintiff. ECF No. 17. Plaintiff has not provided any details that would refute defendants' claim that they are domiciled in Idaho. All are sued in their capacities as Idaho state officials. As the defendants are not domiciled in California, and there is no evidence that their contacts with California have been so constant and pervasive as to establish a constructive domicile, the undersigned finds that federal court in California cannot exercise general personal jurisdiction over them.

    3. Specific Jurisdiction

        a. Governing Legal Principles

"As has long been settled … a state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum State." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (internal quotation marks omitted). The minimum contacts test serves two key functions: first, it

"protects the defendant against the burdens of litigating in a distant or inconvenient forum," and second "it acts to ensure that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." Id. at 291-92. "[D]ue process requires only that in order to subject a defendant to [personal jurisdiction] … he have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316.

The demands of personal jurisdiction "may be met by such contacts of the [defendant] with the state of the forum as make it reasonable, in the context of our federal system of government, to require the [defendant] to defend the particular suit which is brought there.  An estimate of the inconveniences which would result to the [defendant] from a trial away from its home … is relevant in this connection." Id. at 317 (internal quotations omitted).  However, "to the extent that a [defendant] exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state.  The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the [defendant] to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue." Id. at 319.  The Ninth Circuit utilizes a three prong test to determine whether minimum contacts exist:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (internal citations omitted).

"The plaintiff bears the burden of satisfying the first two prongs of the test." Id. Plaintiff's failure to satisfy either of these prongs means personal jurisdiction is not established in the forum state. Id. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would

not be reasonable." Id. (internal quotations omitted).

Purposeful direction is the standard applicable to the first prong inquiry in § 1983 cases.[5] Accordingly, the court must "evaluate purposeful direction under the three-part 'effects' test traceable to the Supreme Court's decision in Calder v. Jones, 465 U.S. 783 […] (1984)." Schwarzenegger, 374 F.3d at 802. Defendant must have: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Id. at 803.

As to the third prong, reasonableness, the Supreme Court has made clear that while the burden on defendant is always a primary concern, it will be considered in light of other relevant considerations "including the forum State's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief, at least when that interest is not adequately protected by the plaintiff's power to choose the forum; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." World-Wide Volkswagen Corp., 444 U.S. at 292.

b. Plaintiff's First Cause of Action

Plaintiff has not established personal jurisdiction over defendants as to her first cause of action, because the allegations of the complaint cannot fairly be construed as involving any actions by defendants that were intentionally aimed at California.

This claim asserts a failure to follow established law regarding the Interstate Agreement on Detainers Act. ECF No. 1, at 17. Plaintiff alleges that while she served time in the Idaho Department of Correction Pocatello Women's Correctional Center, she made multiple requests to process her detainer pursuant to the IAD. Id. She alleges that defendant Warden Amanda Gentry ignored these requests. Id. at 17-18. Plaintiff also claims that defendant Gentry made misrepresentations to Yolo County Assistant District Attorney Larry Eichele regarding the

[5] The Ninth Circuit holds that "availment and direction are, in fact, two distinct concepts" and that "direction" applies in tort cases, whereas "availment" applies in contract cases. Schwarzenegger, 374 F.3d at 802. The Ninth Circuit has held that "[a] section 1983 claim for deprivation of a constitutional right is more akin to a tort claim than a contract claim." Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). This court therefore uses the purposeful direction structure for its analysis.

reasons for not processing plaintiff's request, and that defendants did not follow the IAD pursuant to her detainer. ECF No. 1, at 18-19. Plaintiff alleges that because she had a detainer in California, it was the obligation of defendants to follow the IAD. Id.

In order to establish personal jurisdiction over defendants in California, this court would have to construe plaintiff's detainer and defendants' lack of action as acts that defendants purposefully directed towards California. Such a conclusion is not plausible. All of defendant's actions were taken in Idaho, pursuant to defendants' responsibilities as Idaho officials, and related to plaintiff's status as an Idaho inmate. Therefore, plaintiff has not established sufficient minimum contacts to survive a 12(b)(2) motion to dismiss for lack of personal jurisdiction.

c. Plaintiff's Third Cause of Action

Plaintiff does not establish personal jurisdiction over defendants for her third cause of action because, again, plaintiff does not allege defendants took actions directed at California. This claim is asserted against defendant Mark Alan Kubinski for violating the rules of professional responsibility, thereby depriving plaintiff of her constitutional rights and privileges under the Fourteenth Amendment. ECF No. 1, at 23-24. Plaintiff claims that this violation of the rules of professional responsibility arises from Kubinski advising IDOC officials to "alter, falsify and/or destroy inmate records," his advising IDOC employees to "interpret common and statutory law with respect to penological operations in a manner that benefited IDOC but was wholly unsupported by any reasonable interpretation of the law; and that [he] … intentionally misrepresented facts to or withheld facts from opposing counsel or the tribunal or otherwise engaged in conduct that was prejudicial to the administration of justice." ECF No. 1, at 24.

The complaint does not state any actions that defendant Kubinski directed at the state of California. Plaintiff's third cause of action appears to have even fewer claim-related contacts than the first cause of action. Because this claim does not involve any conduct directed towards California, this court cannot exercise personal jurisdiction.

d. Plaintiff's Fourth Cause of Action

Plaintiff's fourth cause of action fails to establish personal jurisdiction because it does not allege that defendants directed any actions at California. This cause of action asserts First

Amendment retaliation and Eighth Amendment calculated harassment. ECF No. 1, at 24. The claim is stated against all named defendants. Id. Plaintiff alleges that defendants retaliated against her because of her numerous lawsuits. ECF No. 1, at 24-25. Plaintiff asserts that

> Defendants' acts of retaliation and calculated harassment towards Plaintiff include the following adverse actions: deliberate refusal to afford Plaintiff the protection and rights of the Interstate Agreement on Detainers; interference with Access to Courts; transferring Plaintiff to an unsecured facility while Plaintiff was under a detainer, with full knowledge that the receiving facility [located in Idaho] would confine Plaintiff in administrative segregation ("the hole"); threats of disciplinary action for utilizing the grievance system and Access to Courts; and inflicting and causing to be inflicted unnecessary and wanton emotional abuse upon Plaintiff which has resulted in severe and continuing emotional trauma to Plaintiff…. Defendants are presenting retaliating against Plaintiff by making continuing threats to violate Plaintiff's parole and have her returned to incarceration…. Defendants' acts of retaliation have had the effect chilling Plaintiff's exercise of her First Amendment Rights.

ECF No. 1, at 25.

The actions described above all took place in Idaho. At most, some of the lingering effects of these interactions may have followed plaintiff to California. Specifically, plaintiff claims that defendants put her in administrative segregation and engaged in other retaliatory actions in Idaho. Id. The fact that she may feel the chilling effects of these actions in California is due to her moving from Idaho to California, not due to defendants' contacts with California. Because defendants did not engage in any retaliatory conduct towards plaintiff in California, defendants have not directed actions at the state of California such that personal jurisdiction can be established.

The Supreme Court has emphasized that the unilateral activity of a plaintiff cannot be the basis for personal jurisdiction over a defendant even if the consequences of the actions taken in one state follow a plaintiff to another state. World-Wide Volkswagen Corp., 444 U.S. at 314. As the Court explained in the Volkswagen case, "the basis for the assertion of jurisdiction is not the happenstance that an individual over whom [a defendant] had no control made a unilateral decision to take a chattel with him to a distant State. Rather, jurisdiction is premised on the deliberate and purposeful actions of the defendants themselves….". This principle applies

whether plaintiff's action involves taking chattel to another state as in World-Wide Volkswagen, or coming to California to serve a criminal sentence as in this case. Because plaintiff here has not identified any actions taken by defendants to retaliate against her while she resided in California, she cannot rely on the continued effects of her interactions with defendants in Idaho for this court's exercise of personal jurisdiction over the defendants. Accordingly, this court lacks personal jurisdiction in relation to plaintiff's fourth cause of action.

e. Plaintiff's Second Cause of Action

Plaintiff's second cause of action involves somewhat greater connections to California than her other three claims. This cause of action alleges that defendants Sandy Jones, Cindy McDonald, Judy Mesick, and Mark Alan Kubinski violated plaintiff's Fourteenth Amendment Due Process and Equal Protection Rights by producing an "unconstitutional and unlawful transport order, interstate compact acts, and parole conditions." ECF No. 1, at 20. Plaintiff claims that defendants are also currently upholding an unlawful special condition of parole against plaintiff. Id.

Plaintiff argues that "Defendant Judy Mesick, in conspiracy with Defendants Sandy Jones, and Mark Kubinski and other non-Defendant IDOC employees, personally arranged for fraudulent Interstate Compact Application to be drafted in Plaintiff's name to transfer her parole from Idaho to California, without Plaintiff's consent or knowledge." Id. at 20-21. Defendants allegedly mailed a fraudulent document to California so as to injure plaintiff in California. Id. Unlike the other causes of action, this incident took place while plaintiff resided in California.

While there are more substantial contacts with California with respect to this cause of action than plaintiff's other claims, the court need not determine whether those contacts are sufficient to support personal jurisdiction. Even if this court could properly exercise jurisdiction over the second cause of action, the complaint should be dismissed pursuant to the doctrine of *forum non conveniens* for the reasons now addressed.

B. Venue and *Forum Non Conveniens*

"The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute."

Carijano v. Occidental Petroleum Corp., 643 F.3d 1216, 1224 (9th Cir. 2011) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1947)). "Given the wide discretion afforded district courts under the doctrine of *forum non conveniens*," the Ninth Circuit has previously upheld a court sua sponte dismissing a claim on *forum non conveniens* grounds. Seagal v. Vorderwuhlbecke, 162 F. App'x 746, 748 (9th Cir. 2006). "Whether to dismiss an action on *forum non conveniens* grounds requires the district court to consider the availability of an adequate alternative forum, and then to consider whether several 'private' and 'public' interest factors favor dismissal." Leetsch v. Freedman, 260 F.3d 1100, 1103 (9th Cir. 2001).

"The existence of an adequate alternative forum depends upon whether or not an alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all. This requirement is generally satisfied if the defendant is amenable to service of process in the alternative forum." Id. (internal quotation marks omitted). In this case, the District of Idaho is not so clearly an inadequate or unsatisfactory forum that it amounts to no remedy at all. To the contrary, nearly of all the actions giving rise to this lawsuit took place in Idaho. Several of the defendants listed in the complaint must be dismissed for lack of personal jurisdiction in the Eastern District of California; only one of plaintiff's four causes of action involves any contacts with California. In the District of Idaho, plaintiff can pursue all of her causes of action against all defendants.

The second prong is a weighing of the private factors. "The private interest factors include: the ease of access to sources of proof; compulsory process to obtain [the] attendance of hostile witnesses, and the cost of transporting friendly witnesses; ... other problems that interfere with an expeditious trial, and the ability to enforce the judgment." Id. at 1104 (internal quotation marks omitted) (internal citations omitted) (addition of [the] is found in the cited source).

In the present case, the ease of access to sources of proof weighs heavily in favor of moving this cause of action to the District of Idaho. Because all claims involve the actions of IDOC officials, most evidence is in Idaho. Trial in Idaho would maximize the efficacy of process and minimize costs related to the appearance of witnesses. Therefore, the private factors weigh in

favor of the plaintiff adjudicating her case in the District of Idaho.[6]

This court must also consider the public interest factors, including: "(1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; [and] (5) the avoidance of unnecessary problems in conflicts of law." Id. at 1105.

Like the private factors, the public factors in this case also favor litigation in Idaho. The Eastern District of California is one of the most congested districts in the country, and would be negatively impacted by exercising jurisdiction when a more appropriate forum is available. Considerations of jury duty weigh strongly in favor of an Idaho venue. Citizens in the Eastern District of California have no interest in matters related to IDOC, while these issues do affect the citizens of Idaho. Accordingly, there is a substantial local interest in resolving this dispute in the District of Idaho. Because this is not a diversity case, there are no issues with respect to conflicts of law or a forum's knowledge of the governing law. However, the requirements of parole in Idaho, pertinent IDOC regulations, and the applicable rules of professional responsibility[7] may all be more familiar to Idaho judges.

As there is an adequate alternative forum in the District of Idaho and the public and private factors all weigh heavily in favor of adjudication in the District of Idaho, the undersigned recommends sua sponte dismissal on grounds of *forum non conveniens*.

CONCLUSION

For all the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion to strike (ECF No. 25) is DENIED as moot.

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 12) be GRANTED and that this action be dismissed for lack of personal jurisdiction and on the grounds

---

[6] Plaintiff contends that she cannot litigate in Idaho because she is barred from the state as the result of defendant's illegal actions. The record before the court does not support this assertion.

[7] See discussion above regarding plaintiff's third cause of action.

of *forum non conveniens*.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE