1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAMELA DENISE PRINGLE,                    No.  2:17-cv-2206 TLN AC (PS)

12              Plaintiff,

13        v.                                   ORDER TO SHOW CAUSE

14   AMANDA GENTRY, et al.,

15              Defendants.

16

17        Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the

18   Magistrate Judge by Local Rule 302(c)(21).   Plaintiff is a California resident who, on

19   October 23, 2017, brought a complaint containing four causes of action against seven defendants

20   (Amanda Gentry, Cindy McDonald, Shannon Cluney, Noel Barlow-Hust, Sandy Jones, Judy

21   Mesick, and Mark Alan Kubinski), all of whom are employees of the Idaho Department or Board

22   of Correction or the Idaho Attorney General's Office.  ECF No. 1 at 2.  Defendants filed a motion

23   to dismiss for lack of jurisdiction and venue on February 8, 2018.  ECF No. 12.  Following a

24   hearing, the undersigned issued findings and recommendations concluding that the Eastern

25   District of California lacked personal jurisdiction with respect to plaintiff's first, third, and fourth

26   causes of action.  ECF No. 27 at 1-10.  The undersigned further recommended dismissal of the

27   second cause of action after sua sponte undertaking an analysis of the claim under the doctrine of

28   forum non conveniens.  Id. at 10-13.

On May 8, 2018, District Judge Troy L. Nunley issued an order adopting the findings and recommendations with respect to dismissal of plaintiff's first, third, and fourth causes of action for lack of personal jurisdiction.  ECF No. 31.  However, upon finding that the plaintiff did not have an adequate opportunity to brief the issue of forum non conveniens, Judge Nunley referred the issue back to the undersigned for further proceedings.  Id. at 2.  The same day, the undersigned issued a minute order requiring the parties to submit supplemental briefing on the issue of forum non conveniens.  ECF No. 32.  Plaintiff and defendants each submitted a response to the court's request and replies to one another's responses.  ECF Nos. 33-36.

Now before the undersigned is defendant's motion to dismiss with respect to plaintiff's second cause of action, the only cause of action remaining in this case.  ECF No. 12, 31.  Defendant's motion seeks only dismissal for improper venue or for lack of personal jurisdiction.  ECF No. 12 at 3.  Although the undersigned initially recommended dismissal of plaintiff's second cause of action on grounds of forum non conveniens, plaintiff correctly points out that the venue transfer statute, 28 U.S.C. § 1404, is the correct vehicle for the transfer of a case between district courts in which either venue may be permissible, but a venue other than the one chosen by the plaintiff is preferable.  ECF No. 35 at 4.

Under 28 U.S.C. § 1404(a), a district court "[f]or the convenience of parties and witnesses, in the interest of justice, may transfer any civil action to any other district or division where it might have been brought...."  This statute "partially displaces the common law doctrine of forum non conveniens" with respect to transfers between federal courts.  See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.1986).  In passing § 1404(a), Congress "intended to permit courts to grant transfers *upon a lesser showing of inconvenience*" than is necessary for dismissal under the doctrine of forum non conveniens.  Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955) (emphasis added).  The factors considered in deciding whether to transfer a case pursuant to § 1404(a) are largely the same as those considered in a forum non conveniens analysis, but the "discretion to be exercised [by the district court] is broader."  Id.  A transfer of venue pursuant to § 1404(a) may arise pursuant to the motion of either party or by the court sua sponte, so long as the parties are first given the opportunity to

1  present their views on the issue.  Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing

2  Starnes v. McGuire, 512 F.2d 918, 934 (D.C. Cir.1974)).

3         In light of the foregoing, the parties are each ORDERED TO SHOW CAUSE, within 14

4  days, why this case should not be transferred to the District of Idaho pursuant to 28 U.S.C.

5  § 1404.

6  DATED:  June 27, 2018.

7

8  _____

9  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28