# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA DENISE PRINGLE,<br><br>Plaintiff,<br><br>v.<br><br>AMANDA GENTRY, et al.,<br><br>Defendant. | No. 2:17-cv-02206-TLN-AC<br><br>**ORDER TRANSFERRING THIS MATTER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO** |

This matter is before the Court on Magistrate Judge Allison Claire's Order to Show Cause as to why this case should not be transferred sua sponte to the United States District Court for the District of Idaho. (ECF No. 41.) Both parties responded to the Order to Show Cause. (ECF Nos. 42 & 43.) The Court has carefully reviewed the briefing by the parties and the entire record in this matter. For the reasons stated below, the Court hereby TRANSFERS this matter to the United States District Court for the District of Idaho.

**I.　FACTUAL BACKGROUND**

Plaintiff Pamela Denise Pringle ("Plaintiff") brings this case under 42 U.S.C. § 1983. (ECF No. 1 at 1.) Plaintiff was incarcerated at various Idaho Department of Corrections ("IDOC") facilities between August 12, 2012 and December 14, 2012. (ECF No. 1 at 4.) She was again incarcerated between May 25, 2016 and November 1, 2016. (ECF No. 1 at 4.) Upon her arrival to an IDOC facility she noted "numerous civil rights violations, as well as instances of

1

financial fraud, falsification of records, staff misconduct with inmates, and negligence." (ECF No. 1 at 4.) She claims that when she sought to file grievances regarding these violations, prison staff harassed her and retaliated against her, including: transferring her to administrative segregation; losing her personal property; transferring her to other facilities; verbal and psychological abuse; intimidation and threats; loss of prison employment; and denial of access to courts. (ECF No. 1 at 5.) Plaintiff claims that Defendants also denied her the opportunity to go to a minimum-security facility. (ECF No. 1 at 6.)

On November 3, 2016, after she served her term of imprisonment in IDOC, "two private security officers hired by Yolo County arrived and transported Plaintiff back to California on the Yolo County detainer." (ECF No. 1 at 13.) Plaintiff alleges she was not provided food or water for the 13-hour trip, and that the transporting officers told her that IDOC was the entity responsible for supplying food and water so they had not made provisions. (ECF No. 1 at 13.)

Plaintiff claims that on or about January 26, 2017, an IDOC employee contacted Plaintiff in California and directed her to apply for an interstate compact (a mechanism that allows for transferring adult offenders on supervision from one state to another) to transfer her supervision to California because Plaintiff had been released from Yolo County Jail. (ECF No. 1 at 13.) Plaintiff responded in writing that she declined to apply for Interstate transfer, asserting she was still under the jurisdiction of the Yolo County detainer and under Interstate Compact rules she was not eligible to apply for Interstate Compact. (ECF No. 1 at 13.)

On February 6, 2017, Plaintiff was ordered to report to Sylvia Diaz of the Yolo County Probation Department for her Idaho parole check-in by an IDOC employee. (ECF No. 1 at 14.) Plaintiff claims this decision came from Defendants Mesick, Jones, and Kubinski. (ECF No. 1 at 14.) Plaintiff took issue with Defendants' demand that she apply for an interstate compact. (ECF No. 1 at 14.) Despite an interstate compact being forwarded to Yolo County Probation, Plaintiff claims she never initiated nor signed an application. (ECF No. 1 at 14.)

According to Plaintiff, Defendant Judy Mesick forwarded Plaintiff an email on February 14, 2017, which stated that if Plaintiff did not consent to the transfer of her parole from Idaho to California Plaintiff would receive a parole violation and be re-incarcerated. (ECF No. 1 at 15.)

On March 8, 2017, Plaintiff "reluctantly and belatedly" signed the "fraudulent Interstate Compact Application." Plaintiff alleges that on March 2, 2017, Defendant Cindy McDonald had a telephone conversation with Yolo County District Attorney Larry Eichele, who had contacted Ms. McDonald in preparation for his "Opposition to Plaintiff's Motion to Dismiss." (ECF No. 1 at 16.) Plaintiff alleges that Defendant McDonald "was advised to make [] misrepresentation[s] of material fact" to Eichele by Defendant Mark Alan Kubinski. (ECF No. 1 at 16.)

## II.    PROCEDURAL BACKGROUND

Plaintiff initially proceeded in this action pro se, and the case was accordingly referred to the magistrate judge by Local Rule 302(c)(21). Plaintiff is a California resident who, on October 23, 2017, brought a complaint containing four causes of action against Defendants Amanda Gentry, Cindy McDonald, Shannon Cluney, Noel Barlow-Hust, Sandy Jones, Judy Mesick, and Mark Alan Kubinski (collectively "Defendants"), all of whom are employees of the Idaho Department or Board of Correction or the Idaho Attorney General's Office. (ECF No. 1 at 2.) Plaintiff's complaint alleged claims for: (1) "Failure to Follow the Established Law of the [Interstate Agreement on Detainers ("IAD")];" (2) "Unconstitutional and Unlawful Transport Order, Interstate Compact Acts and Parole Conditions;" (3) "Violations of Rules of Professional Responsibility;" (4) "First Amendment Retaliation and Eighth Amendment Calculated Harassment." (ECF No. 1 at 17–26.) Defendants filed a motion to dismiss for lack of jurisdiction and venue on February 8, 2018. (ECF No. 12.) Following a hearing, the magistrate judge issued findings and recommendations concluding the Eastern District of California lacked personal jurisdiction with respect to Plaintiff's first, third, and fourth causes of action. (ECF No. 27 at 1–10.) The magistrate judge recommended dismissal of the second cause of action after sua sponte undertaking an analysis of the claim under the doctrine of forum non conveniens. (ECF No. 27 at 10–13.)

On May 5, 2018, this Court issued an Order adopting the findings and recommendations with respect to the recommendation that Plaintiff's first, third, and fourth causes of action be dismissed for lack of personal jurisdiction. (ECF No. 31.) However, upon finding that the Plaintiff did not have an adequate opportunity to brief the issue of forum non conveniens prior to

3

dismissal of her second claim, this Court referred the issue back to the magistrate judge for further proceedings. (ECF No. 31 at 2.) The same day, the magistrate judge issued a minute order requiring the parties to submit supplemental briefing on the issue of dismissal of Plaintiff's second cause of action on grounds of forum non conveniens. (ECF No. 32.) Plaintiff and Defendants submitted a response to the magistrate judge's request, and replies to one another's responses. (ECF Nos. 33, 34, 35 & 36.)

Upon careful review of the parties' briefing and exhibits, the magistrate judge determined that transfer, rather than dismissal, was potentially the proper course of action for this case and issued an Order to Show Cause directing the parties to instruct the Court as to why Plaintiff's case, consisting of one remaining cause of action, should not be transferred to the District of Idaho pursuant to 28 U.S.C. § 1404. (ECF No. 41.) Plaintiff subsequently obtained counsel. (ECF No. 44.) Therefore, this matter was referred back to this Court to conduct all further proceedings pursuant to Local Rule 302(c)(21). (ECF No. 45.) Therefore, the question currently before the Court is whether, in full view of the supplemental briefing provided by the parties (ECF Nos. 33, 34, 35, 36, 42 & 43), this case should be transferred to the U. S. District Court for the District of Idaho.

### III. STANDARD OF LAW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of § 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense[.]'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL*, 585, 364 U.S. 19, 26, 27 (1960)). In considering a transfer pursuant to § 1404(a), the district court undertakes an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation omitted).

In a § 1404(a) analysis, the Court first determines whether the case could have been brought in the transferee forum and then considers the convenience of the parties and witnesses

and the interest of justice. 28 U.S.C. § 1404(a). Courts looks to several factors to determine where the interests of justice and convenience lie, including "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011) (citing *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009)). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity Kempthorn*, No. 08-1339, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 639 (9th Cir. 1988)).

The Court may transfer a case sua sponte if the parties have had an opportunity to present their views on the issue. *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1242 (S.D. Cal. 2013) (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)); *Mix v. Neeb*, No. 2:14-CV-01594-KJM-AC, 2014 WL 6469130, at *2 (E.D. Cal. Nov. 17, 2014); 15 B. Wright & Miller, Fed. Prac. & Proc. § 3844 (4th ed. 2018) ("The language of the statute is broad enough that a district court can order transfer on its own initiative.").

**IV.  ANALYSIS**

In addition to a discussion of the merits of transferring this matter, Plaintiff argues in her responsive briefing to the order to show cause that the magistrate judge must be disqualified. (ECF No. 42 at 7.) The Court notes Plaintiff presents no evidence that the magistrate judge acted improperly in this matter in either conducting *ex parte* communications with Defense Counsel or using improper means to act within her discretion to manage the Court's own docket. While Plaintiff may not like or agree with the decisions made in this case, the magistrate judge acted within her powers to determine sua sponte if this matter should be dismissed or transferred for the convenience of the parties. Accordingly, the Court finds no reason for the magistrate judge to recuse herself or be disqualified.

Turning to the merits at issue, the Court finds the Order to Show Cause (ECF No. 41)

afforded the parties sufficient opportunity to be heard prior to the Court deciding whether to sua sponte transfer this matter. Accordingly, the Court will first determine whether this matter could have originally been brought in the District of Idaho and then whether the interests of justice are best served by transferring this matter.

### A. Original Jurisdiction in the District of Idaho

In determining whether transfer is appropriate, the Court must first determine if the action could have been brought in the District of Idaho. 28 U.S.C. § 1404(a). As this matter involves 42 U.S.C. § 1983 claims, the District of Idaho would have subject matter jurisdiction over the case. Furthermore, the parties acknowledge Defendants reside in the District of Idaho, and thus, are likely considered citizens for jurisdictional purposes. There is no debate as to standing or ripeness. Accordingly, the matter could have been brought in the District of Idaho.

### B. Interests of Justice

#### i. Plaintiff's Choice of Forum Disfavors Transfer

In general, great weight is afforded to the plaintiff's choice of forum. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). However, "if the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, plaintiff's choice is entitled to only minimal consideration." *Id.* (citing *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)).

Here, the majority of the facts as to the second claim occurred outside of this district including the transfer of Plaintiff out of Idaho and any actions Defendants are alleged to have taken. (See ECF No. 1 at 20–22.) However, Plaintiff's allegations suggest the actions were targeted at this district because the special condition requires her to reside outside of Idaho and Plaintiff signed the allegedly fraudulent Interstate Compact Application in Yolo County. Additionally, Plaintiff currently resides in the district. Thus, Plaintiff's choice of the Eastern District of California is afforded deference and weighs against transfer.

#### ii. Convenience of the Parties Favors Transfer

Plaintiff wishes to maintain this case in the Eastern District of California and has demonstrated it would be more convenient for her to do so because she lives in California.

However, Plaintiff's showing of convenience is outweighed by Defendants' demonstration of substantial inconvenience. While Plaintiff is a resident of California, each of the four remaining defendants in this case is a resident of Idaho and is an employee of the State of Idaho. (*See* Affidavit of Sandy Jones, ECF No. 34-1; Affidavit of Mark Alan Kubinski, ECF No. 34-2; Affidavit of Cindy McDonald, ECF No. 34-3; Affidavit of Judy Mesick, ECF No. 34-4.) Maintaining this case in California, would be largely inconvenient to each of the Defendants as they are all residents of Idaho. (ECF No. 1 ¶¶ 3–9; Affidavits of Jones, Kubinski, McDonald and Mesick.) The materiality and importance of each of these witnesses is crucial to this case as the complaint alleges individual acts that each of these Defendants made. (ECF No. 1 ¶¶ 106–121.) Therefore, it would be anticipated that each of Defendants would have to be brought to California to testify if this matter were to continue in California.

Defendants have shown through their declarations that it would be difficult and inconvenient for Defendants to travel to California in light of their personal local considerations, in addition to the obvious inconveniences of having to be away from their Idaho residence and employment. For example, Defendant Mesick is the primary caregiver for her elderly mother and husband. Mesick's husband, who is not in good health, does not leave home without Mesick to accompany him. (Affidavit of Mesick at ¶ 9.) Defendant McDonald has not been outside of the state of Idaho for 17 years. She does not prefer to travel on airplanes and suffers from motion sickness when traveling. (Affidavit of McDonald at ¶ 7.) Defendant Jones has minor children at home. (Affidavit of Jones at ¶ 8.) Further, Defendant Kubinski also has a minor child which he shares custody of and having to travel to California has the potential to interfere with his custody arrangements. (Affidavit of Kubinski at ¶ 6.)

On the other hand, traveling to Idaho would be inconvenient for Plaintiff for some of the same reasons litigating in California is inconvenient for Defendants: she may have to travel and be away from her residence, or work with the Court to determine an alternate means of participating in the litigation. These inconveniences are real. However, Plaintiff's assertions that a transfer to Idaho would be especially inconvenient to her do not withstand scrutiny, especially now that Plaintiff has retained counsel. Plaintiff alleges Idaho is an inconvenient venue — and in

fact an impossible venue — because she is "currently unable to travel to Idaho" due to limitations imposed on her by conditions of parole. (ECF No. 35 at 4.) First, Plaintiff admits in her Affidavit that California parolees can travel with a "travel pass." (ECF No. 35-1 at 3.) Though she states she has been "repeatedly informed" that she could not receive a travel pass to Idaho during the pendency of her parole, it is unclear who this information is coming from and whether the issue has been discussed in the context of potential litigation.

Second, any travel restrictions placed on Plaintiff as a condition of her parole do not prevent her from litigating in Idaho. Plaintiff's Counsel is now fully capable of representing Plaintiff's interest in Idaho in her stead. Furthermore, courts conduct most litigation on the papers such that Plaintiff or her counsel may never need to travel to Idaho to litigate this matter.

On balance, the Court finds that the inconveniences Plaintiff would face by litigating in Idaho are outweighed by the inconveniences that the multiple remaining Defendants would face by litigating in the Eastern District of California. The relative convenience of the parties favors transferring venue to the District of Idaho.

### iii. *Convenience of Witnesses is Neutral as to Transfer*

Defendants anticipate the number of defense witnesses are more numerous due to the fact there are more Defendants as compared to Plaintiff and because Plaintiff's allegations extend to actions associated with other members of the IDOC. Coordinating the witness schedule, and transporting and housing these witnesses in California would be costly and would create administrative inconvenience as compared to hearing this matter in Idaho. It would be impractical to bring all these persons to California as witnesses for a trial that can be more efficiently and justifiably held in Idaho.

However, Plaintiff asserts that she is a witness and located in the Eastern District of California. Plaintiff further argues the majority of non-party witnesses reside in California as she intends to call at trial the Yolo County Probation Department, the Yolo County Sheriff's Department, and the California division of the Interstate Compact Commission located in Sacramento. (ECF No. 42 at 12.)

The Court has no way of anticipating from the parties' arguments where more witnesses

would be located such that one district would be more convenient over the other. Based on Plaintiff's submission at least some witnesses not including herself reside in California. However, Defendants as well as any other witnesses from the IDOC reside in Idaho. Thus, this factor is neutral.

### iv. Ease of Access to Evidence Favors Transfer

Defendants contend the evidence they would produce related to this matter is all located in Idaho as a part of the IDOC's records. (Affidavits of Jones at ¶ 5; Affidavit of Kubinski at ¶ 5; Affidavit of McDonald at ¶ 5; and Affidavit of Mesick at ¶¶ 4–6.) In contrast, Plaintiff contends the majority of the evidence supporting the second cause of action is in Woodland or Sacramento, California. However, Plaintiff offers no support for this contention as compared to the affidavits of the Defendants. Viewing the complaint, the actions giving rise to the second cause of action culminated in the Plaintiff's transfer to California. (ECF No. 1 ¶ 111.) However, the allegations in the second cause of action detail the Defendant's actions in implementing the allegedly unlawful transfer and parole condition that Plaintiff may not travel to Idaho. (See ECF No. 1 ¶¶ 107–121.) Thus, the Court cannot say Plaintiff is correct that the majority of evidence for the second cause of action is in California. While there is some evidence in Plaintiff's California parole file including the allegedly fraudulent Interstate Compact Application, evidence of Defendant's actions with regards to the Transport Order and parole conditions set prior to transport would in all likelihood be in Idaho in the possession of the IDOC. Accordingly, the Court finds there is better ease of access to evidence in Idaho.

### v. Familiarity with Applicable Law Weighs Neutrally on Transfer

This matter arises under federal law, specifically 42 U.S.C. § 1983 for violations of the United States Constitution. (ECF No. 1 at 20.) Accordingly, the familiarity with the applicable law is neutral because both "fora are federal courts." *Eli Lilly & Co. v. Genentech, Inc.*, No. 13-CV-0919 YGR, 2013 WL 4396718, at *5 n.3 (N.D. Cal. Aug. 13, 2013).

### vi. Feasibility of Consolidation of Other Claims Favors Transfer

Plaintiff does not discuss the feasibility of consolidation with other claims in her response to the Order to Show Cause. (*See generally* ECF No. 42.) However, the Court dismissed the

first, third, and fourth causes of action for lack of personal jurisdiction. In its analysis as to the first cause of action, the Court explained "[a]ll of defendant's actions were taken in Idaho, pursuant to defendant's responsibilities as Idaho officials, and related to plaintiff's status as an Idaho inmate." (ECF No. 27 at 8.) Similarly, the Court explained the third and fourth causes of action did not demonstrate actions directed at California by the Idaho Defendants. The Idaho District Court would have personal jurisdiction over the first, third, and fourth causes of actions as the actions arose in Idaho. Accordingly, it is entirely feasible that the claims may be amended and consolidated to allow Plaintiff to continue not only on her second cause of action, but her first, third, and fourth causes of action as well. Thus, this factor ways in favor of transfer.

### vii. *Local Interest in the Controversy Favors Transfer*

The relief that Plaintiff requests are money damages and possible injunctive relief to enjoin Defendants from "continuing their constitutional violations against Plaintiff." (ECF No. 1 at 26–27). The remedies Plaintiff seeks therefore exclusively would come from Defendants in Idaho and would be a request to enjoin Defendants' actions in Idaho. Idaho has a greater interest in ensuring any actions with direct impact on Idaho citizens and agencies is litigated fairly. Accordingly, local interest in Idaho and the exclusivity of all remedies to Idaho favors transfer.

### viii. *Relative Congestions of California and Idaho Federal Courts Favors Transfer*

Plaintiff argues neither party has presented evidence about the relative time to trial in the respective forums, but acknowledges that previous statistics demonstrates the Eastern District of California is more congested than the District of Idaho. (ECF No. 42 at 14.) The statistics provided by Defendants demonstrates the Eastern District of California has an average of 1,246 pending cases per judge as of December 31, 2017. (ECF No. 36-1 at 5.) In contrast, the District of Idaho has an average of 533 pending cases per judge. (ECF No. 36-1 at 6.) These statistics demonstrate a higher likelihood that Plaintiff's case would proceed more expeditiously in Idaho. For reference, the Court is currently setting trial dates in September 2019 for cases in which discovery is complete and all dispositive motions having been ruled on. Given the early nature of this case, a trial date at that time would be unlikely. Accordingly, the relative congestion of the

Eastern District of California favors transferring this matter to the District of Idaho.

### V. CONCLUSION

Weighing the factors as discussed above, the Court finds transfer of this matter to the District of Idaho would better serve the interest of justice and prevent the waste of time and money for most of the people involved in this lawsuit or necessary as witnesses. Accordingly, this matter is hereby TRANSFERRED to the United States District Court for the District of Idaho for all further proceedings. The Court notes for the District of Idaho that the issue of whether to dismiss Plaintiff's second cause of action is still pending.

IT IS SO ORDERED.

Dated: August 2, 2018

Troy L. Nunley
United States District Judge